**Opinion issued November 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00498-CV

————————————

## WILLIE KOEHLER, Appellant

## V.

## AMOCO FEDERAL CREDIT UNION AND REBA HANKINS, Appellees

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 11-CV-1172

## MEMORANDUM OPINION

Plaintiff-appellant Willie Koehler appeals the trial court's judgment in favor of defendants-appellees Amoco Federal Credit Union and Reba Hankins on Koehler's breach-of-contract and promissory estoppel claims. We affirm.

## BACKGROUND

Koehler sued Amoco Federal Credit Union and Reba Hankins (collectively, Amoco), alleging that Amoco breached a contract between the parties when Amoco repossessed Koehler's truck. Koehler's petition states that the truck was taken "at a time when plaintiff had just been convicted and sentenced to life in prison." According to Koehler, he had entrusted the truck to his pastor in Rosharon, Texas until he could make further arrangements because he "had not anticipated that he would get convicted." He asserted that Amoco breached its vehicle-purchase-financing contract by "wrongfully preventing plaintiff from making his required monthly payments of $355.03" on the truck and by failing to automatically withdraw his monthly payments from his account in May 2009 and June 2009 without providing him notice.

Koehler's petition alternatively alleged that Amoco is liable under a promissory-estoppel theory because Amoco stopped taking automatic payments from his account. Koehler contended that it was foreseeable to Amoco that he would rely on the automatic loan transfers, and that he did rely on them to his detriment.

Koehler appeared pro se at trial. He did not introduce any exhibits, and he was the only witness testifying in support of his claims. He testified that Amoco "canceled my automatic draft on my truck without notifying me." He further

2

testified that, after he missed two payments, Amoco repossessed his truck, and then took additional payments out of his account. Accordingly, he argued, the truck should have then been returned to him because the post-repossession payments essentially brought his truck loan payments current. Finally, he complained that he had personal possessions in his truck that were not returned to him by Amoco.

On cross-examination, Koehler testified that he never notified Amoco about his change of address after he was incarcerated; nor did he tell it that the primary location of the truck had changed. He argued, however, that those failures were irrelevant because Amoco knew where the truck was located. Specifically, Koehler testified that his son contacted a police detective after Koehler's conviction and told the detective that Koehler had given his truck to his pastor to take to Mexico to sell. According to Koehler, that detective in turn told Amoco where the truck was, and Amoco then repossessed it. Koehler acknowledged that Amoco tried to reach him at his pre-incarceration address, but argued that Amoco knew neither he nor the truck was still at that address.

At the close of Koehler's case, Amoco moved for a directed verdict on both Koehler's breach-of-contract and promissory-estoppel claims. The trial court granted Amoco's motion, and Koehler appeals here.

## BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

On appeal, Koehler contends that the trial court erred in granting Amoco's motion for directed verdict.

### *Standard of Review and Applicable Law*

We construe Amoco's motion for directed verdict as a motion for judgment because it came at the close of the plaintiff's case in a bench trial. *Fondren Contsr. Co. v. Briarcliff Hous. Dev. Assocs., Inc.*, 196 S.W.3d 210, 216 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When a trial court grants such a motion, we presume that the court resolved both legal and factual issues. *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304 (Tex. 1988). We thus review the legal and factual sufficiency of the evidence from such a judgment. *Id*.

"In conducting a legal-sufficiency review, we review the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). When reviewing the factual sufficiency of the evidence, we must "conduct a neutral review of all the evidence." *Fondren Contsr. Co.*, 196 S.W.3d at 216. "We reverse for factual insufficiency only if the ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust." *Id.*

*Analysis*

The elements of a claim of breach of contract are (1) the existence of a valid contract; (2) performance or tender of performance; (3) breach of the contract; and (4) damage as a result of the breach. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.). At trial, the contract was not entered into evidence. Koehler's testimony—which primarily consisted of his complaints about Amoco's discontinuing the automatic withdrawal of payments from his account—did not include any details about specific contract terms. While the existence of a term providing that Amoco would take automatic payments from Koehler's account was implicit in Koehler's testimony, there was no evidence presented about contractual restrictions on Amoco's discontinuing those withdrawals or about what type of notice Amoco was required to provide to him when discontinuing the withdrawals. In other words, there was no evidence that Amoco's discontinuing the withdrawals without sending notice to Koehler at his prison address was a breach of the loan agreement. Koehler likewise failed to offer evidence about the amount of his alleged damages, testifying only that "I want them to pay me for my—all of my losses, including inconvenience." Because Koehler failed to put forth evidence in support of each element of his breach-of-contract claim, the trial court correctly granted judgment in Amoco's favor on that claim.

The elements of promissory estoppel are (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378–79 (Tex. App.—Houston [1st Dist.] 2007, no pet.). At trial, Koehler failed to present any evidence of a promise by Amoco. And, to the extent that Koeler's promissory-estoppel claim is premised on Amoco's failure to comply with an alleged contractual obligation, the claim also fails because a promissory-estoppel claim cannot be based upon enforcement of a contract. *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App.—San Antonio 2013, pet. denied). Because Koehler failed to put forth evidence in support of each element of his promissory estoppel claim, and because promissory estoppel cannot rest on a contractual promise, the trial court correctly granted judgment in Amoco's favor on that claim.

We overrule both of Koehler's issues.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.